UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER F. HERINA, | No. 2:16-cv-2957 AC P |
| Plaintiff, | |
| v. | ORDER and |
| STATE OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se who is currently incarcerated at Deuel Vocational Institution. While previously incarcerated at the Butte County Jail, plaintiff filed the complaint in this action under 42 U.S.C. § 1983, and a request to proceed in forma pauperis.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, this court finds that the complaint fails to state a cognizable claim and cannot be cured by amendment. Accordingly, this court recommends the dismissal of this action without prejudice, and the denial of plaintiff's request to proceed in forma pauperis as moot.

////

////

////

1

1    II.     In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

III.    Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

2

possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV. Screening of Plaintiff's Complaint

A. Allegations of Plaintiff's Complaint

Plaintiff challenges the decisions in two of his prior state criminal cases, naming as defendants the State of California, the Butte County Superior Court, and various judges, public defenders, district attorneys and probation officers. Plaintiff seeks adjustment of his restitution order, reimbursement for the impounding of his car, lost wages, the costs of medical treatment, and punitive damages and disciplinary action against the defendants. Plaintiff also seeks to be paroled to a half-way house.

B. Failure to State Cognizable Claim

Plaintiff cannot pursue monetary or injunctive relief premised on his 2014 or 2015 convictions and sentences because the convictions remain intact. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (fn. omitted); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997)

Moreover, plaintiff has not identified an appropriate defendant. Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. §

1983. "Persons" under Section 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars damages action against a state and its entities in federal court). Therefore, plaintiff cannot sue the State of California or its courts. Nor can plaintiff sue judges who, when acting within the course and scope of their judicial duties, are absolutely immune from liability for damages under Section 1983. Pierson v. Ray, 386 U.S. 547 (1967). Similarly, prosecutors are absolutely immune from civil suits for damages under Section 1983 that challenge activities related to their initiation and/or pursuit of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Finally, public defenders representing criminal defendants do not act under color of state law for purposes of Section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

For these reasons, the court finds no potentially cognizable civil rights claim against any appropriate defendant in the instant complaint.

### C. Amendment Would Be Futile

The court finds that amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### D. Availability of Habeas Corpus Relief

Review of the court's records[1] indicates that plaintiff has attempted to pursue three other actions in this court, each of which has been dismissed. In one of these actions, plaintiff sought to pursue a petition for writ of habeas corpus, which was dismissed for failure to file a fully

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

completed petition and failure to submit a request to proceed in forma pauperis or pay the filing fee. See Herina v. California Department of Corrections and Rehabilitation, Case No. 2:16-cv-2964 EFB P.[2] Petitioner is informed that should he again seek to challenge the merits of his 2014 and/or 2015 convictions and/or sentences in federal court, pursuant to 28 U.S.C. § 2254, he must first exhaust his claims in the California Supreme Court. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 276 (1971).

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a cognizable claim for relief, see 18 U.S.C. § 1915A;

2. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, plaintiff's prior effort to pursue these matters in a civil rights action was dismissed for failure to sign the complaint and follow court orders. See Herina v. Butte County Superior Court, Case No. 2:16-cv-2956 EFB P.

5